<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MALIK-IMARI ALI<br>A/K/A DARRYL BOZEMAN, | Civil Action No. 12-1830 (JBS) |
| Petitioner, | |
| v. | **OPINION** |
| CHARLES WARREN, et al., | |
| Respondents. | |

**APPEARANCES**:

> JOSEPH E. KRAKORA, PUBLIC DEFENDER OF NEW JERSEY
> by:   James K. Smith, Assistant Deputy Public Defender
> P.O. Box 46003
> Newark, New Jersey 07101
> *Attorneys for Petitioner*

> JOHN L. MOLINELLI, BERGEN COUNTY PROSECUTOR
> by:   Catherine A. Foddai, Assistant Prosecutor
> Bergen County Justice Center
> Hackensack, New Jersey 07601
> *Attorneys for Respondents*

**SIMANDLE, Chief Judge**

Malik-Imari Ali, who was tried under the name Darryl Bozeman, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging a judgment of conviction filed in the Superior Court of New Jersey, Bergen County, on June 16, 2006, imposing an aggregate term of 100.25 years in prison without parole after a jury found him guilty of the first-degree murder of Nathan Johnson, felony murder, first-degree robbery, second-degree conspiracy to commit robbery, second-degree burglary, second-degree conspiracy to commit burglary, first-degree kidnapping, second-degree possession of a weapon for an unlawful purpose, and third-degree

possession of a weapon under circumstances not manifestly appropriate for lawful uses. By Order entered July 8, 2015, the late Dickinson R. Debevoise granted a Writ of Habeas Corpus ordering Respondents to release Petitioner in 120 days from the date of the entry of the Order unless the State of New Jersey retried him. (ECF No. 12.)

Shortly thereafter, Petitioner filed a motion for a certificate of appealability on Ground Two of the Petition, (ECF No. 14), which motion the State opposed, and the State filed a motion to clarify the Opinion, (ECF No. 16), which Petitioner opposed. (ECF No. 18.) Judge Debevoise denied both motions by Order entered July 30, 2015. (ECF No. 19.) The State filed a timely notice of appeal on August 5, 2015. (ECF No. 20.) Upon the death of Judge Debevoise on August 14, 2015, the case was reassigned to the undersigned.

Presently before the Court is the State's motion to stay the Order granting a Writ of Habeas Corpus pending appeal. (ECF No. 21.) In a letter filed in response to the motion, Petitioner did not expressly oppose the motion but argued that the motion was moot because he did not file a motion for release pending appeal. (ECF No. 25.) On September 23, 2015, the Court ordered the parties to file a brief and, if necessary, affidavit(s), addressing the risk, if any, that Petitioner would pose a danger to the public if he were released pending appeal. The State filed a brief arguing that Petitioner's release would pose a danger to the public, together with a copy of Petitioner's Adult Presentence Report dated June 6, 2006. (ECF No. 27.) Petitioner filed a letter arguing that his release would not pose a danger because, aside from the challenged judgment of conviction, he has no other convictions involving weapons or violence. (ECF No. 28.) For the reasons expressed below, the Court will grant the motion for a stay pending appeal.

2

# I.   DISCUSSION

**A.     Standard**

Rule 23(c) of the Federal Rules of Appellate Procedure, which governs release of a prisoner pending review of a decision ordering release in a habeas corpus proceeding, provides:   "While a decision ordering the release of a prisoner is under review, the prisoner must – unless the court or judge rendering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court orders otherwise – be released on personal recognizance, with or without surety." Fed. R. App. P. 23(c).[1]   Rule 23(c) creates a presumption of release pending appeal where a petitioner has been granted habeas relief.   See O'Brien v. O'Laughlin, 557 U.S. 1301, ___, 130 S.Ct. 5, 6 (2009); Hilton v. Braunskill, 481 U.S. 770, 774 (1987); Fed. R. App. Pro. 23(c).   The presumption can be overcome if the movant, in this case the State, makes the required showing. See Hilton, 481 U.S. at 777.

The traditional standard for issuance of a stay pending appeal requires the court to balance four factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

---

[1] Rule 23(d) provides that an initial order governing release "continues in effect pending review unless for special reasons shown to the court of appeals or the Supreme Court, or to a judge or justice of either court, the order is modified or an independent order regarding custody, release, or surety is issued."   Fed. R. App. P. 23(d).

<u>Hilton</u>, 481 U.S. at 776.  The first two factors of the traditional standard are the most critical.

<u>Nken v. Holder</u>, 556 U.S. 418, 434 (2009).  In <u>Hilton v. Braunskill</u>, 481 U.S. 770, the Supreme

Court clarified the standard for a stay pending appeal of an order granting a writ of habeas corpus.

After noting that "[t]he interest of the habeas petitioner in release pending appeal [is] always

substantial," <u>Hilton</u>, 481 U.S. at 777, the Court held that, in addition to the traditional factors, a

court may consider the potential risk posed to the public by release, the risk of flight, and the

State's interest in continuing custody.  The <u>Hilton</u> Court observed that State's interest in

continuing custody "will be strongest where the remaining portion of the sentence to be served is

long, and weakest where there is little of the sentence remaining to be served."  <u>Id.</u>  The Court

further explained that

> [t]he balance may depend to a large extent upon determination of the State's
> prospects of success in its appeal.  Where the State establishes that it has a strong
> likelihood of success on appeal, or where, failing that, it can nonetheless
> demonstrate a substantial case on the merits, continued custody is permissible if the
> second and fourth factors in the traditional stay analysis militate against release.
> Where the State's showing on the merits falls below this level, the preference for
> release should control.

<u>Hilton</u>, 481 U.S. at 778 (citations omitted).

**B.      Application of the Standard to the State's Motion**

(1) Merits of the State's Appeal

As explained above, for a court to grant a stay pending appeal, "the likelihood of success

must be at least 'a substantial case on the merits.'"  <u>In re Revel AC, Inc.</u>, ___ F.3d ___, 2015 WL

5711358 at *11 (3d Cir. Sept. 30, 2015) (quoting <u>Hilton</u>, 481 U.S. at 778).  "It is not enough that

4

the chance of success on the merits be better than negligible," <u>Nken</u>, 556 U.S. at 434 (citation and internal quotation marks omitted), but "the likelihood of winning on appeal need not be more likely than not[.]"   <u>Revel</u> at *8 (citation and internal quotation marks omitted).

In granting the Writ, Judge Debevoise held that the limitations on the cross-examination of two witnesses – Terrence Terrell and Police Officer Santarpia – violated Petitioner's right to confront witnesses.   Judge Debevoise further held that the Appellate Division had unreasonably applied the harmless error standard of <u>Chapman v. California</u>, 386 U.S. 18 (1967), and the factors set forth in <u>Delaware v. Van Arsdall</u>, 475 U.S. 673 (1986), to undisputed facts in the record of Petitioner's case.   Because Judge Debevoise was in grave doubt as to whether the Confrontation Clause error regarding Terrell had a substantial and injurious effect in determining the jury's verdict, he held that the Confrontation Clause violation regarding Terrell was not harmless under <u>O'Neal v. McAninch</u>, 513 U.S. 432 (1995), <u>Brecht v. Abrahamson</u>, 507 U.S. 619 (1993), and <u>Davis v. Ayala</u>, __ U.S. __, 135 S.Ct. 2187 (2015).

The State does not argue that Judge Debevoise erred in finding violations of the Confrontation Clause.   Nor does the State maintain that he applied the incorrect harmless error standard under 28 U.S.C. § 2254(d)(1).   The State's probability of success on the merits argument consists of the following:   "With respect to the court's decision that defendant's confrontation clause rights were violated, the court acknowledged that the Appellate Division applied the harmless error beyond a reasonable doubt standard but concluded that it[]s analysis of the factors was erroneous.   We submit that our appeal on [the harmless error] issue is a substantial one." (ECF No. 21 at 5.)   The State is apparently maintaining that the Appellate Division's application

5

of the harmless beyond a reasonable doubt standard was reasonable, but the State does not explain the way in which it claims that Judge Debevoise erred in finding that the Appellate Division unreasonably applied the Van Arsdall factors.

While the State's merits argument is less than forceful, the Court notes that the Supreme Court recently clarified how a court must apply the harmless error standard under 28 U.S.C. § 2254(d)(1) where the state courts found that the constitutional error was harmless beyond a reasonable doubt under Chapman.  See Davis v. Ayala, ___ U.S. ___, 135 S.Ct. 2187 (2015). The Supreme Court decided Ayala on June 18, 2015, a few weeks before Judge Debevoise granted Petitioner a Writ, and the Third Circuit has yet to issue a published opinion applying Ayala in a habeas case where the state court determined that the constitutional error was harmless beyond a reasonable doubt.[2]   This absence of Third Circuit precedent creates at least a substantial issue on

_____

[2] To date, the Third Circuit has cited Davis v. Ayala in two published opinions and neither case involved application of the harmless error standard under § 2254(d)(1) where the state court had held that the constitutional error was harmless beyond a reasonable doubt.  One was a civil rights case involving an Eighth Amendment claim.  See Young v. Martin, ___ F.3d ___, 2015 WL 5202968 at n.8 (3d Cir. Sept. 8, 2015).   The other case was a § 2254 case wherein the Third Circuit held that the state court's determination that the admission of a redacted confession of a non-testifying co-defendant did not violate the Confrontation Clause was an unreasonable application of Bruton v. United States, 391 U.S. 123 (1968), Richarson v. Marsh, 481 U.S. 200 (1987), and Gray v. Maryland, 523 U.S. 185 (1998).   See Washington v. Secretary Pa. Dept. of Corrections, 801 F.3d 160 (3d Cir. 2015).   The Third Circuit cited Ayala for the proposition that under Brecht v. Abrahamson, 507 U.S. 619 (1993), the court must find that the defendant was actually prejudiced by the error.   Id. at *9.

the merits of the State's appeal under <u>Hilton</u>.[3]   Thus, the preference for release is not controlling and the Court must consider the remaining factors, <u>i.e.</u>, the State's interest in continuing custody and the public interest.

(2) State's Interest in Continuing Custody

The State's interest in continuing custody pending appeal "will be strongest where the remaining portion of the sentence to be served is long, and weakest where there is little of the sentence remaining to be served."   <u>Hilton</u>, 481 U.S. at 777.   In this case, the State's interest in continuing custody is strong, given that Petitioner received a 100-year sentence and he will not be eligible for parole until 2102.   This factor weighs heavily in the State's favor.

(3) Public Interest

As explained above, in the habeas context the public interest militates against a stay where "there is a risk that the prisoner will pose a danger to the public if released."   <u>Hilton</u>, 481 U.S. at 777.   The State claimed in its initial brief that "releasing the defendant, who was convicted of murder and other serious offenses, would pose a harm to the public."   (ECF No. 21 at 5.)   In its supplemental brief, the State contends that Petitioner is dangerous for two reasons:   (1) his "convictions for three counts of felony murder, two counts of first degree kidnapping, two counts

_____

[3] The State has also at least implicitly argued that Judge Debevoise's rationale for granting the writ as to the murder conviction should not extend to the other counts of conviction.   This also presents a substantial issue on appeal because of a prospect that even if the murder conviction is subject to retrial, the other crimes of conviction may not be.

7

of armed robbery, one count of armed burglary and two counts of weapons' possession remain intact" because "Judge Debevoise did not order petitioner retried on all charges," and (2) Petitioner has three prior convictions for burglary and was adjudicated delinquent on conduct which if committed by an adult would constitute burglary.  (ECF No. 27 at 4.)  Petitioner counters that the burglary convictions did not involve weapons or violence and "the State's argument that petitioner would present a danger to the public if released is based entirely on the present offense[s], for which he has been given a new trial."  (ECF No. 28 at 3-4.)

Contrary to the State's contention, Judge Debevoise's Order granting a Writ of Habeas Corpus and ordering Petitioner's release unless the State retried him was not limited to the first-degree murder charge.  The habeas Petition challenged the June 16, 2006, judgment imposing a term of 100.25 years in prison without parole and the Order granting the Writ directed the Warden to release Petitioner in 120 days "unless he is retried within that period."  (ECF No. 12 at 2.)  Thus, the face of the Order granting the Writ and ordering Petitioner's release was not on its face limited to the first-degree murder conviction.

Moreover, Judge's Debevoise's Amended Opinion explained that "[t]he proper remedy in this case is not to . . . vacate the first-degree murder conviction . . , but to direct the State of New Jersey to release [Petitioner] from 'custody obtained through unconstitutional means'" in violation of the Confrontation Clause.  (ECF No. 13 at 37.)  In the section entitled "Remedy," Judge Debevoise considered and expressly rejected the notion of vacating only the first-degree murder conviction as inconsistent with the habeas remedy which goes to the release of the prisoner, even though he found that the Appellate Division had unreasonably applied the harmless error standard

8

with respect to the first-degree murder conviction.

The State apparently did not comprehend Judge Debevoise's Order granting the Writ or the Remedy section of his opinion, as it filed a motion to clarify that it could comply with the Order granting the Writ by asking the state court judge to amend the judgment of conviction to delete the first-degree murder conviction and to re-sentence Petitioner on the other charges on which he was convicted at the trial where his Confrontation Clause rights were violated. Specifically, the State asked Judge Debevoise to clarify "that it can comply with the court's opinion and order by asking the trial court to vacate the knowing and purposeful murder conviction . . . [and] re-sentence [Ali] on a felony murder conviction, with the underlying felony merging into the felony murder conviction." (ECF No. 16-1 at 5-6.) Judge Debevoise noted that the State's interpretation or understanding of the Order granting the Writ was contrary to the express terms of the Order, which directed the Warden of New Jersey State Prison to release Ali in 120 days from the date of the entry of the Order unless the State retried him within that period. (ECF No. 19.)

The Order granting the Writ and the law cited by Judge Debevoise in the Remedy section compel this Court to find that Judge Debevoise ordered Petitioner's release unless the State retried him *on all charges* on which he was convicted, this time without violating his rights under the Confrontation Clause. After all, Judge Debevoise could not have ordered Petitioner's release if Petitioner still had to serve the terms imposed for the non-first-degree murder convictions. In addition, as it is impossible to predict what repercussions an adequate cross-examination of Terrell and Santarpia might have had on the course of the trial, it is possible that the jury may have found, as Petitioner argues, that he was not even in the house when the victim was killed. The record

9

plainly refutes the State's contention that Judge Debevoise limited the retrial in lieu of release to the first-degree murder charge.[4]   Accordingly, this Court must also reject the State's contention that Petitioner's release would pose a danger to the public because he remains convicted (after the granting of the Writ) of felony murder and the other non-first-degree murder charges.

In any event, the State also argues that Petitioner's prior criminal record indicates that his release would pose a danger to the public.   Petitioner concedes that his criminal record includes three prior convictions for burglary for which he was sentenced to a 12-year prison term in 1984. The Adult Presentence Report provided by the government shows that Petitioner "violated parole twice and [he] was finally released from N[ew] J[ersey] parole in 1995," and that between 1984 and 1995, he was sentenced to prison terms for burglary in New Jersey and New York.   (ECF No. 27-1 at 8.)   Petitioner argues that the burglary convictions are not relevant to the question of whether his release pending appeal would pose a danger to the community because none of the convictions involved a weapon or violence.   This Court finds, however, that Petitioner's long history of burglary convictions weighs against him in the assessment of risk to the public, as well as the absence of any indication that Petitioner will have financial support, if he is released pending appeal, from relatives, friends or himself.   See Smith v. Caldwell, 339 F. Supp. 215, 218 & n.4

_____

[4] The undersigned has not been asked to reconsider this issue but has acknowledged, supra n.3, that it may present another substantial issue on appeal.   The possibility that the Court of Appeals may find that retrial is not warranted on the burglary, kidnapping and weapons charges further suggests that confinement pending appeal is warranted.

(S.D. Ga. 1972), <u>aff'd</u>, 458 F.2d 160 (5th Cir. 1972).

To summarize, there is "a substantial case on the merits" of the State's appeal, <u>Hilton</u>, 481 U.S. at 778, Petitioner's lengthy criminal record indicates that his release may pose a danger to the public, and the State's interest in continuing custody is strong due to the length of the sentence remaining.   Because the balance of factors weighs in favor of granting a stay pending appeal, this Court will grant the State's motion and stay the Order directing the State to release Petitioner on or before November 8, 2015.

## II. CONCLUSION

This Court grants the motion for a stay pending appeal.   The Court will enter an appropriate Order.


  **s/ Jerome B. Simandle**
JEROME B. SIMANDLE
Chief Judge

Dated:  **October 28, 2015**

11